HENRY B. SHULL ET AL. V. JOHN BARTON ET AL.

FILED JANUARY 21, 1903.   No. 12,682.

Commissioner's opinion, Department No. 3.

Attachment: REPLEVIN: SEIZURE. Where property is attached at the suit of creditors bringing separate actions, and such property is taken from the sheriff on a writ of replevin issued at the suit of a third party, to whom the property is delivered after the statutory bond is given and approved, and a part of the attaching creditors, while the action in replevin is pending and undetermined, cause the same property, in the same condition and of the same value, to be taken by the sheriff on execution for the debts for which they had attached it, such seizure on execution is a complete defense, as to all the attaching creditors, in an action on the official bond of the officer serving the writ of replevin, for negligently approving an insufficient replevin bond.

ERROR from the district court for Saline county. Case stated in syllabus.  Tried below before STUBBS, J. *Reversed.*

*Fayette I. Foss, A. S. Sands, John D. Pope, Ben V. Kohout* and *R. D. Brown,* for plaintiffs in error.

*George H. Hastings, Tibbets Bros., Morey & Anderson,* contra.

Syllabus by court; catch-words by editor.

ALBERT, C.

This case is before this court for the fourth time. The first opinion is reported under the present title in 56 Nebr., 716. A rehearing was granted and the opinion on rehearing appears in 58 Nebr., 741. After a second trial in the district court the cause again reached this court, under the title of *Barton v. Shull*, and the third opinion is reported in 62 Nebr., 570. The facts sufficiently appear in those opinions. The last trial in the district court resulted in a verdict and judgment in favor of the sheriff and those of the attaching creditors on whose judgments no executions were issued and levied on the property, and in favor of the defendants as to the rest of such creditors. The defendants bring error.

The principal question, and one which we regard decisive of this case, is whether the subsequent seizure by the sheriff, under execution, of the same goods, in the same condition and of the same value as when taken by the coroner under the writ of replevin, constitute a complete defense, not only as to the plantiffs whose executions were thus levied on the property, but as to all of the plaintiffs. This question has already been before this court, on the former hearings of this case.

In the first opinion filed in this case, the court lays down this rule: "Where a creditor attaches personal property as that of his debtor, and it is taken in replevin from the sheriff and delivered to the claimant, the statutory bond being given and approved, and the creditor, pending the replevin suit, causes the same property to be taken on execution for the same debt for which he had attached it, such seizure of the property on execution is a defense for the coroner in a suit against him by the creditor for negligently approving an insufficient replevin bond."

A rehearing was granted after that opinion was filed, and NORVAL, J., who prepared the opinion on rehearing, after quoting the rule above stated, uses this language (p. 746): "The retaking of the identical property by the

sheriff under the executions might or might not be a competent defense in favor of the coroner for the approval of an insufficient bond. If the chattels were in the same condition and of the same value as at the time the same were seized under the replevin writ, the defense would be complete; otherwise it would not be. The taking of the property by the sheriff would constitute a defense *pro tanto,* and we erred in holding in the former hearing that the levy of these executions defeated a recovery in the present action."

In the third opinion, HOLCOMB, J., speaking for the court, says (p. 582) : "The defendant, by virtue of his attachment writ, had a special property which he could enforce when he obtained his judgment in the replevin action. Instead of enforcing this right when judgment was obtained in the main case and in the replevin action, an execution is issued and levied on the same property, by which he gains possession of the same property lost in the replevin action. This practically works an abandonment or waiver of the attachment lien for the purpose of enforcing the execution. He obtains possession of the same property and the conditions of the replevin undertaking are presumably good and altogether sufficient to indemnify and save him harmless. The office of the replevin undertaking is to take, in a limited sense, the place of the property replevied and protect the person from whom taken either by a return of the property or the payment of its value with interest. Now, the sheriff, having regained possession of the property first replevied, or such of it as he in fact seized under the executions issued for the benefit of the same attaching creditors, has accomplished all that he can rightfully demand of the sureties on the replevin bond and has no cause of complaint against them so far as a return of such property is concerned, nor can he complain in that respect of the approving officer who approved the undertaking. If the property is again taken from him, then the law furnishes him an adequate remedy on the bond which must be given before he can rightfully be deprived of its possession. He has the full

benefit of the property which the undertaking, alleged to be insufficient and negligently taken, provides shall be returned to him, in the possession of the property itself or the execution of another undertaking for its return to him in case a return is adjudged in his favor. While the multiplicity of suits is not to be commended, but rather condemned, the sheriff is not in a position to take advantage of this abnormal state of affairs. He was not content to rest on the lien obtained by the levy of the attachment writ but seeks also to obtain a lien on part of the same property by the levy of an execution for the purpose of satisfying the same obligation. We are, therefore, of the opinion that, notwithstanding the retaking of the property by the sheriff by the second replevin action, to the extent that he regained possession of the same property in as good condition and of equal value which was taken from him by the replevin writ first levied, and for the return of which the insufficient replevin bond was given, this constitutes a defense *pro tanto* in favor of the coroner in an action on his official bond for approving an insufficient replevin undertaking."

The language quoted, to our minds, admits of but one construction, and that is that the subsequent seizure of the same property by the sheriff on the executions, when it was in the same condition and of the same value as when taken from him by the coroner on the first writ of replevin, is a complete defense to this action, not only as to such of the creditors whose executions were levied on the property, but as to all of them. And this would appear to be right on principle. The lien of the attachments was not divested by the seizure of the property by the coroner under the writ of replevin, nor by its delivery to the plaintiffs in that action. When the sheriff regained possession of the property, such of the attachment liens as had not been abandoned by the levy of executions were still in force, and a part of the measure of the sheriff's then interest in the property. In the second action in replevin those liens might have been interposed as a legitimate

defense *pro tanto.* Whether they were thus interposed does not appear. Had not the possession of the sheriff been disturbed by the second writ of replevin, it would have been his duty to hold the property not only for the satisfaction of the amount of the executions, but for the amount of the attachment liens as well. To hold otherwise would be to say that he would be obliged to sell under the executions, and then return the residue of the property, if any, to the plaintiffs in replevin, and then proceed to enforce a return of such residue, in case a return could be had, by means of an execution issued on his judgment in replevin. This would not only involve useless circuity of procedure, but would render it well-nigh, if not wholly, impossible to adjust the equities between the several creditors. It appears, then, that by the subsequent seizure of the same property the sheriff was placed in the same position, so far as the attachment liens are concerned, as that he would have occupied had the judgment in replevin for a return of the property been formally executed. That the property was again taken from him in another action of replevin, is wholly immaterial. All his interest in the property at the time it was thus taken, including the attachment liens, was or might have been litigated in such second action, which also resulted in a judgment in his favor. That judgment is the measure of his interest in the property when it was taken from him the second time, and its enforcement is the measure of the relief to which he and the creditors for whom he acted are entitled.

The former opinions left but one question of fact in the case, namely, whether the property seized by the sheriff under the executions was the identical property, in the same condition and of the same value, as that taken from him under the first writ of replevin. That question is conclusively answered in the affirmative by the record now presented. Thus answered, it is a complete defense to this action as to all of the plaintiffs, and there appears nothing left to litigate in this case. For that reason, it is unnecessary to discuss the other questions argued by counsel.

It is recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.